SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7124

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WAYNE E. SHAW,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>   Defendant | Case No.: C 07 03603 RS<br><br>ANSWER OF FEDERAL DEFENDANT TO PLAINTIFF'S COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT [28 U.S. Code §2671, Et. Seq.] |

Defendant, United States of America, by and through its attorneys, in Answer to the Plaintiff's Complaint for Damages, states as follows:

**GENERAL JURISDICTION AND BACKGROUND ALLEGATIONS**

In answer to the allegations of the Complaint, Defendant avers and states as follows:

1. The allegations contained in paragraph 1 of the Complaint are not statements of fact but are conclusions of law to which no answer is required. To the extent an answer is required, they are denied.

2. The United States admits that Clinton J. Huckins is an employee of the U.S. Army Corps of Engineers and was acting within the scope of his employment while operating a motor

ANSWER TO COMPLAINT
C07-03603 RS

vehicle at Ft. Ord, CA, on February 9, 2006.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2; accordingly they are denied

3. The United States admits that the motor vehicle that Clinton J. Huckins was driving on February 9, 2007 is registered to the United States of America.  The United States denies that Clinton J. Huckins was negligent in the operation of the government-owned vehicle on said date and all other allegations contained in Paragraph 3.

4. The United States denies all allegations contained in Paragraph 4.

5. The United States denies that the federal government or any of its employees acted negligently.  The United States lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 5, and on that basis they are denied.

6. As to the allegations contained in Paragraph 6, the United States admits that Plaintiff filed an administrative claim for $1625 for property damage and $60,000 for personal injury damages.

7. The United States admits that the Department of Army issued a final administrative action on Plaintiff's claim on or about June 11, 2007.  The United States denies any other allegations contained in Paragraph 7.

In response to plaintiffs' prayer for relief, the United States denies plaintiffs are entitled to any relief.  The United States further denies each allegation of the complaint not otherwise admitted or denied above.  In further answer to the complaint and as separate affirmative defenses, the United States alleges:

///

///

ANSWER TO COMPLAINT
C07-03603 RS                                    2

### FIRST DEFENSE

The Defendant United States, through its employees and agents, acted with due care and diligence toward the plaintiff in all matters related to the Complaint and at all relevant times.

### SECOND DEFENSE

No acts or omissions by the United States were the proximate cause of any injury to the plaintiffs.

### THIRD DEFENSE

Any injury, damage or loss sustained by the plaintiff was not caused by the carelessness or negligence on the part of the United States, its agents or employees, but by the negligence of the plaintiff when he was traveling too fast for road conditions and failed to stop at a clearly posted stop sign.  As the negligence of the plaintiff was the proximate cause of, and contributed to any alleged injuries or damages sustained, in the event that the United States is found to have been negligent, which negligence is denied, the plaintiff's negligence bars recovery, or alternatively, mandates that any recovery be proportionately reduced.

### FOURTH DEFENSE

The Complaint sets forth injuries that resulted from a danger whose existence and character were fully appreciated by the plaintiff before he voluntarily exposed himself to it.

### FIFTH DEFENSE

Plaintiff is limited to recovery, if any, to the amount claimed administratively in accordance with 28 U.S.C. § 2675(b).

### SIXTH DEFENSE

Pursuant to Proposition 51 (Cal. Civil Code § 1431.1 et seq.), in any action for personal injury, the liability of a defendant for non-economic damages must be reduced in proportion to

the fault of all other tortfeasors, regardless of whether those tortfeasors are joined as defendants.

**SEVENTH DEFENSE**

Plaintiff's recovery, if any, must be offset by those benefits that Plaintiff has heretofore received or will receive in the future from the United States.

**EIGHTH DEFENSE**

In the event the United States is found liable to Plaintiff, that liability should extend only to the amount of damages that are proportionate to the percentage of negligence, if any, attributable to the United States.

WHEREFORE, the federal defendant, the United States, prays for judgment dismissing plaintiff's claims and awarding to federal defendant its costs in this action and for such further relief as the Court deems appropriate. If the plaintiff's action is not dismissed, the United States prays that the comparative fault of all parties to the action be determined and responsibilities and liability determined in accordance with comparative fault principles.

Dated: September 25, 2007                    Respectfully submitted,

                                             SCOTT N. SCHOOLS
                                             United States Attorney


                                             _____/s/_____
                                             ILA C. DEISS
                                             Assistant United States Attorney
                                             Attorneys for Federal Defendant