1 | **SCOTT E. SHAFFMAN (SBN 90276)**
98 DEL MONTE AVE., SUITE 200
MONTEREY, CA 93940
(831) 333-0321
ATTORNEY FOR PLAINTIFF

**SCOTT N. SCHOOLS (SCBN 9990)**
UNITED STATES ATTORNEY
**JOANN SWANSON (SBN 88143)**
CHIEF, CIVIL DIVISION
**JAMES A. SCHARF (SBN 152171)**
ASSISTANT UNITED STATES ATTORNEY
150 ALMADEN BOULEVARD, SUITE 900
SAN JOSE, CA 95113
TEL: (408) 535-5044
FAX: (408) 535-5081
ATTORNEYS FOR DEFENDANT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| WAYNE E. SHAW, | **CASE NO. C 07 03603 RS** |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant.. | Case Management Conference:<br>DATE:   10/24/07<br>TIME:   2:30 p.m.<br>PLACE: Courtroom 4, 5th Floor<br>MAGISTRATE JUDGE: Hon. Richard Seeborg |

**1. JURISDICTION AND SERVICE:**

This case arises under the Federal Tort Claims Act.  There are no counterclaims and no issues exist as to personal jurisdiction or venue. Defendant has been served and has answered.

**2. FACTS:**

1

This personal injury action stems from an automobile v. bicycle accident, that occurred at Ft. Ord, in Monterey County, California, on February 9, 2006.  Plaintiff was riding his bicycle.  Defendant's employee, Clinton J. Huckins, was driving a GSA-owned vehicle and was within the scope of his employment when the accident occurred.

Liability is disputed.  Defendant contends that plaintiff failed to stop at a clearly posted stop sign, was riding his bicycle at an excessive speed, and lost control of his bicycle on the loose gravel, striking the rear of defendant's vehicle.  Plaintiff contends that defendant's employee waved plaintiff through the intersection, accelerated  in front of plaintiff and then abruptly stopped his motor vehicle.  Defendant denies these allegations.

As a result of the accident, plaintiff suffered a fractured nose requiring two surgeries to repair, a laceration to his hand requiring stitches, scrapes to his right hand, shoulder and wrist and damage to his bicycle, helmet and gloves.  Plaintiff is claiming property damage in the amount of $1,954.07 for the total loss of his bicycle; wage loss of $6,465.00 (plus approx. $1,000 lost earnings by his wife, to care for plaintiff); a small sum for medical co-pays (most of plaintiff's medical bills have been paid by TriCare, which has waived its lien claim); and general damages of $50,000.00

**3. LEGAL ISSUES:**

The principal issues are: 1.  Whether defendant's employee was negligent.  2.  If so, whether plaintiff was also negligent.  3.  Assuming defendant is liable, the nature and extent of plaintiff's injuries and damages.

**4. MOTIONS:**

At this point, defendant does not anticipate filing a dispositive motion, given the apparent conflicting statements as to how this accident occurred.  Defendant may file motions in limine.

**5. AMENDMENT OF PLEADINGS:**

The parties do not anticipate amendments to the pleadings.

**6. EVIDENCE PRESERVATION:**

Defendant's counsel represents that reasonable steps have been taken to preserve

information concerning the subject accident.  The parties are unaware at this time of any document destruction program or of erasures of any electronically recorded material relevant to the issues herein.

**7.  DISCLOSURES:**

Counsel for all parties have complied with the initial disclosure requirements of Fed. R. Civ. P. Rule 26.

**8.  DISCOVERY:**

The parties have not yet commenced discovery.  Defendant intends to propound paper discovery requests, subpoena plaintiff's medical, employment and insurance records, depose plaintiff, and may also have plaintiff examined by a defense medical expert.  Plaintiff may want to depose defendant's employee.  It is also possible that the investigating officer will need to be deposed.  Factual discovery can be completed by June 30, 2008; experts designated and reports tendered by July, 31, 2008; and expert depositions completed by August 29, 2008.

**9. CLASS ACTIONS:**

Not applicable.

**10. RELATED CASES:**

None.

**11.  RELIEF:**

Plaintiff seeks monetary compensation.  Plaintiff filed an administrative claim in the amount of $61,625.00, and may not recover more than that amount in this action by operation of law.

**12. SETTLEMENT AND ADR:**

The Court has referred the parties to mediation.

**13. CONSENT TO MAGISTRATE JUDGE:**

The parties consent to the assigned Magistrate Judge for all purposes, including trial.

**14. OTHER REFERENCES:**

The parties do not believe this case is suitable for other references.

**15. NARROWING OF ISSUES:**

Prior to trial, the parties will attempt to narrow the issues through stipulations.

**16. EXPEDITED SCHEDULE:**

This case is not appropriate for an expedited schedule.

**17. SCHEDULING:**

The parties propose to designate experts and tender their reports 90 days before trial. Discovery cut-off, except as to experts, should also be 90 days before trial. The trial can be scheduled in October or November 2008.

**18. TRIAL:**

Under the Federal Tort Claims Act, this action must be tried as a bench trial. It is anticipated that this case will require three trial days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

No party has filed a "Certification of Interested Parties or Persons." Plaintiff and defendant know of no persons, firms, partnerships, corporations (including parent corporations) or other entities which have either (a) a financial interest; or (b) any other kind of interest. Plaintiff does acknowledge that his legal counsel will be compensated only if he recovers compensation for his damages herein.

**20. OTHER MATTERS:**

The parties know of no other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: October 15, 2007.                    Respectfully Submitted,

_____/S/_____
SCOTT E. SHAFFMAN
Attorney for Plaintiff

SCOTT N. SCHOOLS
United States Attorney

BY: _____/S/_____
JAMES A. SCHARF
Attorney for Defendant

4

JOINT CASE MANAGEMENT STATEMENT